James C. Fessenden (SBN 238663)
jfessenden@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Jason P. Brown (SBN 266472)
jbrown@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
OSMOSE UTILITIES SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW JOHNSON, an individual, on behalf of himself and all similarly situated individuals,

Plaintiff(s),

v.

OSMOSE UTILITIES SERVICES, INC., a California Corporation, DOES 1-20, inclusive,

Defendants.

CASE NO.:

**DEFENDANT'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (D)(2) AND (5)**

*[Removed from Alameda County Superior Court, Action No. 25CV126200]*

State Action Filed: June 10, 2025

# TABLE OF CONTENTS


I. PROCEDURAL HISTORY ........ 1

II. TIMELINESS OF REMOVAL ........ 2

III. VENUE ........ 2

IV. NOTICE TO ADVERSE PARTIES AND STATE COURT ........ 2

V. JURISDICTION IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT ........ 3

A. CAFA Requirements ........ 3

B. Plaintiff Pleads the Case as a Class Action ........ 3

C. The Parties Are Minimally Diverse ........ 4

D. The Proposed Class Exceeds 100 Members ........ 5

E. The Alleged Amount in Controversy Exceeds $5,000,000.00 ........ 5

*1. Alleged Meal Period and Rest Break Penalties Alone Exceed $5,000,000* ........ 7

*2. The Alleged Waiting Time Penalties Alone Placed At Issue Exceed $5,000,000.00* ........ 10

*3. Alleged Unpaid Minimum Wages and Liquidated Damages Exceeds $5,000,000.00* ........ 10

*4. Alleged Unpaid Overtime Wages Are at Least $821,017.66* ........ 11

*5. Alleged Labor Code Section 226 Penalties Are $1,686,850* ........ 12

*6. Remaining Causes of Action Also Invoke Amounts In Controversy, Albeit Speculative Amounts* ........ 12

*7. Approximate Amount Disputed But Placed in Controversy* ........ 13

VI. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Agredano v. Sw. Water Co. et al.*,
No. CV 17-02627 SJO (EX), 2017 WL 2985395 (C.D. Cal. May 30, 2017) .... 8

*Bank One, Texas, N.A. v. Montle*,
964 F.3d 281 (3d Cir. 2006) .... 4

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) .... 3, 6

*Duberry v. J.Crew Group, Inc.*,
No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018 (C.D. Cal. July 28, 2015) .... 8

*Fong v. Regis Corp.*,
No. 13-cv-04497, 2014 WL 26996 (N.D. Cal. Jan. 2, 2014) .... 6

*Garnett v. ADT LLC*,
74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015) .... 6

*Giannini v. Northwestern Mut. Life Ins. Co.*,
No. 12-77, 2012 WL 1535196 (N.D. Cal. Apr. 30, 2012) .... 8, 13, 14

*Hanlon v. Chrysler*
(9th Cir. 1998) 150 F.3d 1011 .... 13

*Kanter v. Warnter-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .... 4

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) .... 4

*Lopez v. Aerotek, Inc.*,
No. 14-00803, 2015 WL 234558 (C.D. Cal. May 14, 2015) .... 8,14

*Mejia v. DHL Express (USA), Inc.*,
No. CV 15-890-GHK JCX, 2015 WL 2452755 (C.D. Cal. May 21, 2015) 8, 14

*Mitchell v. United States*,
88 U.S. (21 Wall.), 22 L.Ed. 584 (1875) .... 4

*Muniz v. Pilot Travel Ctrs. LLC*,
No. 07-0325, 2007 WL 1302504 (E.D. Cal. May 1, 2007) .......... 8

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) .......... 2

*Roa v. TS Staffing Servs., Inc.*,
No. 2:14-cv-08424, 2015 WL 300413 (C.D. Cal. Jan. 22, 2015) .......... 3

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir.1994) .......... 4

*Vasquez v. Blue Cross of Cal.*,
No. 15-2055, 2015 WL 2084592 .......... 3

**STATE CASES**

*Murphy v. Kenneth Cole Productions, Inc.*
(2007) 40 Cal.4th 1094 .......... 7

**FEDERAL STATUTES**

28 U.S.C. § 1332 .......... 1

28 U.S.C. § 1332(a)(1) .......... 4

28 U.S.C. § 1332(d)(2), (5) .......... 3, 14

28 U.S.C. § 1332(d)(2)(A) .......... 4

28 U.S.C. § 1441(a) .......... 2

28 U.S.C. § 1446(b) .......... 2

28 U.S.C. § 1446(d) .......... 2

CAFA .......... 1, 3, 4

Code of Civil Procedure § 340 .......... 12

**STATE STATUTES**

California Business & Professions Code § 17200, *et seq*. .......... 7, 10, 11

California Code of Civil Procedure § 382 .......... 3

Lab. Code §§ 201-203 .......... 1

Lab. Code §§ 204, 210 .......... 1
Lab. Code § 226 .......... 1, 12, 13
Lab. Code §§ 510, 226.7 .......... 1
Lab. Code § 510, 1194, 1194.2 .......... 1
Lab. Code §§ 512, 226.7 .......... 1
Lab. Code § 1197, 1194, 1194.2 .......... 1
Lab. Code § 2802 .......... 1
Labor Code § 203 .......... 10, 13
Labor Code § 204 .......... 14
Labor Code § 226.7 .......... 7
Unfair Competition Law (Bus. & Prof. Code § 17200) .......... 1

**RULES**

Rule 8(a) of the Federal Rules of Civil Procedure .......... 3

TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Osmose Utilities Services, Inc., ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. section 1332 based on the Class Action Fairness Act of 2005 ("CAFA"). Defendant states that removal is proper for the following reasons:

**I. PROCEDURAL HISTORY**

1. This case is a putative wage and hour class action. On June 10, 2025, Plaintiff Matthew Johnson ("Plaintiff") filed the operative complaint (the "Complaint") in the Superior Court of the State of California for the County of Alameda, entitled *Matthew Johnson, an individual, on behalf of himself and all similarly situated individuals v. Osmose Utilities Services, Inc., a California Corporation, DOES 1-20, inclusive*, Case Number 25CV126200 ("State Court Action").

2. The Complaint purports to state causes of action on behalf of Plaintiff and the putative class members for: (1) Failure to Pay Minimum Wage (Lab. Code § 1197, 1194, 1194.2); (2) Failure to Pay Overtime (Lab. Code § 510, 1194, 1194.2); (3) Failure to Provide Meal Breaks (Lab. Code §§ 510, 226.7); (4) Failure to Provide Rest Breaks (Lab. Code §§ 512, 226.7); (5) Failure to Provide Accurate Pay Stubs (Lab. Code § 226); (6) Failure to Timely Pay Wages During Employment (Lab. Code §§ 204, 210); (7) Failure to Timely Pay All Wages on Discharge (Lab. Code §§ 201-203); (8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200); and (9) Failure to Reimburse Work-Related Expenses (Lab. Code § 2802).

3. On June 16, 2025, Defendant was served with the Summons, Complaint and notices and forms from the State Court Action. A true and correct copy of these documents is attached as **Exhibit A** to this Notice of Removal ("Notice").

4. On July 16, 2025, Defendant filed and served its Answer to the Complaint. See Exhibit A.

5. The documents attached as Exhibit A constitute all pleadings, process and orders served on and by Defendant in the State Court Action.

## II. TIMELINESS OF REMOVAL

6. Removal is timely under 28 U.S.C. § 1446(b) because Defendant has filed this Notice of Removal within 30 days of service. *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## III. VENUE

7. Plaintiff originally filed this action in the Superior Court of the State of California, County of Alameda. Thus, Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court case was pending and where the Complaint was filed.

## IV. NOTICE TO ADVERSE PARTIES AND STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice of this Notice of Removal on Plaintiff's counsel of record (identified below). A true and correct of Defendant's Notice to Adverse Party of Removal of Civil Action to Federal District Court is attached as **Exhibit B** to this Notice (without the exhibit thereto, which consists of this Notice):

Drew Lewis, Esq.
DREW LEWIS, PC
3010 Lava Ridge Ct. Ste. 120
Roseville, CA 95661

9. In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda. A true and correct copy of Defendant's Notice to the Court of Removal of Civil Action to Federal District Court is attached hereto as **Exhibit C** (without the exhibit thereto, which consists of this Notice).

10. Proofs of Service of Defendant's Notice of Removal to Federal District Court to Adverse Parties and Notice of Removal to the Superior Court of

the State of California, County of Alameda will be filed with this Court immediately.

## V. JURISDICTION IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

### A. CAFA Requirements

11. The Class Action Fairness Act ("CAFA") confers federal jurisdiction over class actions involving: (a) minimal diversity (*i.e.*, diversity between any defendant and any plaintiff or putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, inclusive of attorneys' fees, but exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5). The notice of removal need only contain a "short and plain statement of the grounds for removal"; evidence is required only if the plaintiffs subsequently contest, or the Court questions, the removing party's allegations. *See, Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014); *Roa v. TS Staffing Servs., Inc*., No. 2:14-cv-08424, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("While *Dart Cherokee* focused only on the amount in controversy requirement, the Court finds that the rationale behind *Dart Cherokee* applies equally to other CAFA requirements"); *Vasquez v. Blue Cross of Cal*., No. 15-2055, 2015 WL 2084592, at *3 (after *Dart Cherokee*, all that is required in a notice of removal is a "short and plain statement of the grounds for removal, which is a standard that tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" (quotations omitted)). This case satisfies the jurisdictional requirements under CAFA.

### B. Plaintiff Pleads the Case as a Class Action

12. Plaintiff brings this Complaint pursuant to California Code of Civil Procedure section 382 on behalf of all ". . . all non-exempt employees who have or continue to work for Defendants in California from four (4) years prior to filing this complaint to the present." See, e.g., Complaint ¶ 8; see also, Complaint

generally. Because Plaintiff is pursuing this case as a class action, this threshold requirement under CAFA is easily satisfied here.

**C. The Parties Are Minimally Diverse**

13. CAFA requires minimal diversity – that is, at least one class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

*1. Plaintiff is a Citizen of California*

14. Plaintiff was and is a resident of the County of Kern, State of California. Complaint, ¶ 4. Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994). An existing domicile is presumed to continue. *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006); *Mitchell v. United States*, 88 U.S. (21 Wall.), 350, 353, 22 L.Ed. 584 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); 28 U.S.C. § 1332(a)(1). Plaintiff apparently has been and continues to be a resident of Kern County, California. Complaint, ¶ 2. Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

*2. Defendant is a Citizen of Delaware and Georgia*

15. Defendant was at the time of the filing of this action, and continues to be, a corporation organized under the laws of Delaware. Complaint, ¶ 5; Declaration of Megan J. Hilley ("Hilley Decl."), ¶¶ 4-5. Defendant was incorporated in Delaware on July 23, 2002. *See* Hilley Decl., at ¶¶ 4-5. Additionally, Defendant maintains its corporate headquarters and principal place of business in Georgia. *See* Hilley Decl., at ¶¶ 4-5. The overwhelming majority of Defendant's officers are

located in, and at all times relevant to this cation have been located in, Atlanta, Georgia. Hilley Decl. ¶ 5. Specifically, Defendant's President and Chief Executive Officer, and General Counsel, all work out of Defendant's headquarters in Atlanta, Georgia. Hilley Decl. at ¶ 5. Nearly all high-level decisions about Defendant's business, such as its large-level operational decisions, strategic decisions, legal decisions, and investments are made from Defendant's headquarters in Atlanta, Georgia. Hilley Decl. at ¶ 5. Defendant is therefore a citizen of Delaware and Georgia.

**D. The Proposed Class Exceeds 100 Members**

*1. Class Data*

16. Defendant provided its attorneys in this matter with a list containing of all individuals employed by Defendant in a non-exempt position in California, from June 10, 2021 through July 14, 2025. The list totaled no fewer than **1,400** employees. The data also included each employee's date of hire, date of termination, if applicable, and their last pay rate during their employment with Defendant. Defendant's counsel used that information to provide the calculations below.

*2. The Size of the Putative Class Exceeds 100 Members*

17. As discussed above, Plaintiff defines the putative class as:

> "Plaintiff and all non-exempt employees who have or continue to work for Defendants in California from four (4) years prior to filing this complaint to the present."

18. There are at least 1,400 such putative class members. Declaration of James C. Fessenden ("Fessenden Decl."), ¶ 2; and Hilley Decl., ¶ 2. The proposed class therefore exceeds 100 putative class members.

**E. The Alleged Amount in Controversy Exceeds $5,000,000.00**

19. Although Defendant denies liability in this matter, denies the case can be certified, and denies that Plaintiff or any putative class member is entitled to any

relief from Defendant, in determining the amount in controversy the Court must assume that the allegations in the Complaint are true. *Fong v. Regis Corp.*, No. 13-cv-04497, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014). Furthermore, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, *supra*, 135 S.Ct. at 554; *Garnett v. ADT LLC*, 74 F.Supp.3d 1332, 1334 (E.D. Cal. 2015). As discussed above, Defendant provided its attorneys in this matter with a spreadsheet containing information for all non-exempt employees employed by Defendant in California from June 10, 2021 through July 14, 2025. The spreadsheet also contained each employee's date of hire, date of termination, if applicable, and pay rate. The chart shows the following:

| ***From June 10, 2021 through to July 14, 2025 (four year statute of limitations)*** | |
|---|---|
| Number of employees | 1,400 at least |
| Total aggregate workweeks (*using date of hire and termination data only*) | 73,038 |
| Average hourly pay rate | $24.98 |

| ***From June 10, 2022 through July 14, 2025 (three year statute of limitations)*** | |
|---|---|
| Number of Former *Employees* | 918 |
| Average hourly pay rate | $24.52 |
| ***From June 10, 2024 through July 14, 2025 (one year statute of limitations)*** | |
| Number of employees | 571 |
| Number of aggregate pay periods (*using date of hire and termination data*) | 19,060 |

This data and assumptions can then be used to perform theoretical damages calculations based on the statutes cited by Plaintiff. Defendant reiterates that it

disputes that the class is owed any damages at all, or that the class may be certified. With those caveats in mind, theoretical damages is as follows:

1. *Alleged Meal Period and Rest Break Penalties Alone Exceed $5,000,000*

20. Plaintiff pleads separate causes of action for meal period penalties, and rest break penalties on behalf of himself and each class member. Complaint ¶¶ ¶¶ 37-44, 45-52. Employers must generally take certain measures to provide employees with opportunities to take meal periods and rest breaks. *See, Murphy v. Kenneth Cole Productions, Inc*. (2007) 40 Cal.4th 1094, 1102. Generally, the remedy for an employer's failure to provide an employee with an opportunity to take a meal period is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a meal period. Labor Code § 226.7; *Murphy, supra,* 40 Cal.4th 1094, 1102.[1]

21. Similarly, the general remedy for an employer's failure to provide an employee with an opportunity to take a rest break is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a rest break. Labor Code § 226.7; *Murphy, supra,* 40 Cal.4th 1094, 1102. Where, as here, Plaintiff has alleged a claim under California Business & Professions Code section 17200, *et seq*., the statute of limitations for recovering meal period and rest break penalties is four years. *Murphy, supra,* 40 Cal.4th 1094.

22. Plaintiff does not allege how many meal period penalties or rest break penalties he and the putative class members are allegedly owed, nor does he provide any specifics about the number of times Defendant allegedly failed to provide Plaintiff and the putative class members with meal periods and/or rest breaks. Plaintiff does, however, make clear these allegations are not premised on a one-

[1] Meal periods may be waived under the Labor Code; and an employer need not require an employee to actually take a meal period or rest break. *See, Murphy v. Kenneth Cole Productions, Inc*. (2007) 40 Cal.4th 1094.

time situation, but on alleged violations that were the result of systemic policies and practices. For instance, Plaintiff alleges that "Because the timing requirements to perform work, Plaintiff and Class members were routinely required to or otherwise denied the opportunity to take timely and compliant meal and rest breaks." Complaint, ¶ 22. Plaintiff further alleges Defendant "employed Plaintiff for periods of five (5) hours or more without compliant meal breaks of at least thirty (30) minutes or a second meal period of at least thirty (30) minutes when Plaintiff worked more than then (10) hours in a day. Complaint, ¶ 41. Plaintiff further alleges Defendant "failed to authorize and permit Plaintiff to take rest periods of at least 10 minutes for each work period of more than four (4) hours, or major fraction thereof." Complaint, ¶ 49.

23. Given the broad, unequivocal nature of Plaintiff's allegations, it is appropriate to assume for purposes of removal a 100% alleged violation rate. *Giannini v. Northwestern Mut. Life Ins. Co.*, No. 12-77, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (on similar allegations, held that removal proper to assume each class member missed a meal period and rest break every day); *Muniz v. Pilot Travel Ctrs. LLC*, No. 07-0325, 2007 WL 1302504, at *3-4 (E.D. Cal. May 1, 2007); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying a 100% violation rate); *Agredano v. Sw. Water Co. et al.*, No. CV 17-02627 SJO (EX), 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) (determining that use of a 100% violation rate is proper); *Duberry v. J.Crew Group, Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015).

24. Estimating class-wide workweeks based on dates of hire and dates of termination alone is admittedly imperfect and does not account for vacation days, sick days, leave days, furloughs, and employees simply not working otherwise.

Defendant has accordingly reduced the workweek estimates by 30% to more accurately reflect the workweeks worked by the theoretical class (and again, certification, liability, and damages are all disputed). Assuming (i) five missed meal periods per week dating back to four years before the complaint was filed, (ii) aggregate class workweeks were reduced by 30% (from 73,038 to 51,126) to account for vacations, sick days, stoppages, furloughs, etc., (iii) and assuming $24.98 per hour the following penalties are at issue:

| | Workweeks from 6/10/21 to 7/14/25 (*subject to 30% reduction from 73,038*) | Avg. Hourly Rate | **Penalties at Issue** |
|---|---|---|---|
| 5 *Meal* Period Penalties Per Week | 51,126 | $24.98 | **$6,385,637.40** [51,126 x 5 x $24.98] |
| 5 *Rest* Break Penalties Per Week | 51,126 | $24.98 | **$6,385,637.40** [51,126 x 5 x $24.98] |
| **TOTAL** | | | **$12,771,274.80** |

That being said, even assuming just ***three*** violations per workweek, the following damages at issue:

| | Workweeks from 6/10/21 to 7/14/25 (*subject to 30% reduction from 73,038*) | Avg. Hourly Rate | **Penalties at Issue** |
|---|---|---|---|
| 3 *Meal* Period Penalties Per Week | 51,126 | $24.98 | **$3,831,382.44** [51,126 x 3 x $24.98] |
| 3 *Rest* Break Penalties Per Week | 51,126 | $24.98 | **$3,831,382.44** [51,126 x 3 x $24.98] |
| **TOTAL** | | | **$7,662,764.88** |

Although Defendant expressly denies any liability whatsoever, the meal period and rest break penalties (causes of action) therefore put *at least* $7,662,764.88 at issue, and possibly as much as $12,771,274.80.

*2. The Alleged Waiting Time Penalties Alone Placed At Issue Exceed $5,000,000.00*

25. On behalf of the class, Plaintiff seeks waiting time penalties under Labor Code section 203 on a class-wide basis. Complaint ¶¶ 65-69, 84. As Plaintiff correctly notes, under Labor Code section 203, an employer who willfully fails to timely pay an employee's wages owed at the time of the employee's separation (or within 72 hours for a resignation), must continue to pay each employee's daily wages as a penalty until all owed wages are paid, for up to 30 consecutive days. Plaintiff alleges Defendant did not pay wages allegedly owed to Plaintiff and other putative class members and seeks 30 days' worth of wages for as a result. Complaint ¶¶ 25, 67, 68, 84. A three-year statute of limitations applies to the penalties sought under Section 203. There are 918 employees who worked for Defendant between June 10, 2022 and July 14, 2025, but have since been terminated. The average wage of those individuals is $24.52. This means the theoretical waiting time penalties sought by the Plaintiff and the class is **$5,402,246.40** [918 employees x $24.52 x 8 hours x 30 days = $5,402,246.40], liability for which Defendant expressly denies.

*3. Alleged Unpaid Minimum Wages and Liquidated Damages Exceeds $5,000,000.00*

26. Plaintiff alleges Class Members are owed unpaid wages at a rate of at least the minimum wage for unpaid time worked. Complaint, ¶ 26-30. The statute of limitations on unpaid wages is four years where the complaint alleges, as here, violations of both the Labor Code and Business & Professions Code sections 17200, et seq.; Complaint, ¶ 70-76. Plaintiff also seeks liquidated damages for the unpaid minimum wages. Complaint, ¶ 84. Under Labor Code section 1194.2, a plaintiff may recover liquidated damages in the amount equal to the unpaid minimum wages. For instance, Plaintiff alleges "Defendants failed to pay Plaintiff at least the minimum wage for each hour worked,

including driving to and from work locations and other tasks necessary to do Plaintiff's job, as required by Defendants" Complaint, ¶ 28.

27. Again, the putative class members worked an estimated 73,000 workweeks in the four-year period according to the dates of hire and termination, but, to be conservative, Defendant is assuming a 30% reduction in workweeks to account for vacations, sick days, furloughs, etc. Defendant is therefore assuming there are 51,126 workweeks in the class period. The minimum wage in California when the Class Period started on June 10, 2021 was $14.00 per hour and is currently $16.50 per hour for an employer of Defendant's size. Even assuming just 60 minutes of unpaid time per week (i.e., *12 minutes* per day), which Defendant expressly denies, and even assuming just $14.00 per hour *which is below the current minimum wage*, the damages would be as follows:

| | Workweeks from 6/10/21 to 7/14/25 (*subject to 30% reduction from 73,038*) | Avg. Hourly Rate | **Damages at Issue** |
|---|---|---|---|
| 1 hour per week unpaid wages | 51,126 | $24.98 | **$1,277,127.48** [51,126 x 1 x $24.98] |
| Liquidated damages at Min. Wage Rate | 51,126 | $14.00 | **$715,764** [51,126 x 1 x $14] |
| **TOTAL** | | | **$1,992,891.48** |

4. *Alleged Unpaid Overtime Wages Are at Least $821,017.66*

28. Plaintiff also alleges class members are owed unpaid overtime wages for overtime hours worked. Complaint, ¶ 31-36, 81. The statute of limitations on unpaid wages is four years where the complaint alleges, as here, violations of both the Labor Code and Business & Professions Code sections 17200, et seq.; Complaint, ¶ 70-76. Again, assuming just 30 minutes of unpaid overtime wages per week (i.e., *6 minutes* per day), the damages would be as follows:

///

///

| | Workweeks from 6/10/21 to 7/14/25 (*subject to 30% reduction from 73,038*) | Avg. Hourly Rate | **Damages at Issue** |
|---|---|---|---|
| 30 Minutes per week unpaid overtime wages | 51,126 | $24.98 | **$638,563.74** [*51,126 x .5 x $24.98*] |
| **TOTAL** | | | **$638,563.74** |

5. *Alleged Labor Code Section 226 Penalties Are $1,686,850*

29. Plaintiff also seeks penalties under Labor Code section 226 for allegedly inaccurate wage statements. Complaint, ¶ 53-58. Plaintiff alleges that Labor Code section 226 authorizes a penalty of $50 per employee for each initial violation per employee, and $100 per employee for each subsequent violation. Labor Code section 226 has a one-year statute of limitations. Code of Civil Procedure § 340. From June 10, 2024 through July 14, 2025, Defendant employed 571 employees who worked a total of 19,060 pay periods.[2] Even assuming a 30% reduction in the total number of pay periods due to vacations, furloughs, and layoffs, etc., (i.e., 19,060 x 70% = 13,342), damages at issue would be **$1,305,650** [$100 x 13,342 pay periods – (571 x $50) = $1,305,650], liability for which Defendant expressly denies.

6. *Remaining Causes of Action Also Invoke Amounts In Controversy, Albeit Speculative Amounts*

30. Plaintiff's sixth cause of action claims penalties for wages not timely paid during employment. Complaint, ¶¶ 59-64. Plaintiff only pleads he is entitled to all available remedies, including statutory penalties, without stating how or in what amount they should be calculated.

31. Plaintiff's ninth cause of action claims unpaid business expenses for the class for alleged use of personal mobile phones and travel related expenses.

[2] At all relevant times, Osmose paid its California non-exempt employees on a weekly basis. Hilley Decl., ¶ 3.

Complaint, ¶¶ 77-80.

32. These claims would place some amount in controversy, but they are too speculative to calculate based on the pleading.

*7. Approximate Amount Disputed But Placed in Controversy*

33. Plaintiff has put far more than $5,000,000 at issue in the Complaint. Even assuming that Plaintiff only alleges three meal period violations and three rest break violations per week - which does not parallel the language of Plaintiff's complaint - the amount at issue for the liability purposes discussed herein would be as follows:

| | |
|---|---|
| Meal period violations (assuming only *3* violations per week) | $3,831,382.44 |
| Rest break violations (assuming only *3* violations per week) | $3,831,382.44 |
| Labor Code § 203 waiting time penalties | $5,402,246.40 |
| Unpaid minimum wages (60 minutes per week) | $1,277,127.48 |
| Liquidated damages for unpaid minimum wages ($9 per hour) | $715,764 |
| Unpaid overtime wages | $638,563.74 |
| Labor Code § 226 penalties | $1,305,650 |
| **TOTAL** | **$17,002,116.50** |

34. Notably, these numbers do not account for attorneys' fees. "[T]he Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees." *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012); *Hanlon v. Chrysler* Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). Accordingly, "it is not unreasonable to rely on this estimate using the common fund method" for removal. *Id.* at *21. Plaintiff's theoretical attorneys' fees would therefore amount to an *additional* **$4,250,529.12**

[$17,002,116.50 x 25% = $4,250,529.12], and bringing the total well in excess of **$21,252,645.60**.

35. Cases with a fewer putative class members and having alleged fewer violations have more than met the jurisdictional minimum. *See, e.g.*, *Mejia v. DHL Express (USA), Inc*., No. 15-890, 2015 WL 2452755, at *3-6 (C.D. Cal. May 21, 2015) (for putative class of 722, amount in controversy for rest break and wage statement claims was at least $8.3 million); *Lopez v. Aerotek, Inc*., No. 14-00803, 2015 WL 234558, at *3 (C.D. Cal. May 14, 2015) (for putative class of 741 alleging similar claims to those here, amount in controversy exceeded $6 million at an average rate of pay of $10 per hour); *Giannini*, *supra*, 2012 WL 1535196, at *2-3 (for putative class of 400, amount in controversy for overtime and meal break claims alone was at least $4.7 million).

36. Moreover, these calculations are modest. They assume a 30% reduction in workweeks to account for vacation days, sick days, furloughs and temporary absences; they assume only three meal period and rest break violations per week, rather than five; it assumes minimal unpaid wages, and unpaid overtime (only six minutes per day); a minimum wage of $14 per hour is used for liquidated damages; and it does not factor in plaintiff's request for expense reimbursement and claim for penalties for Defendant's alleged violation of Labor Code § 204 at all.

## VI. CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(d)(2) and (5), Defendant hereby removes the above-captioned action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California.

///

///

///

Date: July 16, 2025

FISHER & PHILLIPS LLP

By: *\/s\/ Jason P. Brown*
James C. Fessenden
Jason P. Brown
Attorneys for Defendant
OSMOSE UTILITIES SERVICES, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; I am employed with the law offices of Fisher & Phillips LLP and my business address is One Montgomery Street, Suite 3400 San Francisco, California 94104.

On July 16, 2025, I served the foregoing document entitled **DEFENDANT'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 (D)(2) AND (5)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Drew Lewis, Esq.<br>DREW LEWIS, P.C.<br>3010 Lava Ridge Ct., Suite 180<br>Roseville, CA 95661 | Phone: 833-600-7400<br>Fax:<br>Email:<br>drew@drewlewis.law<br><br>*Attorneys for Plaintiff Matthew Johnson* |

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by FAX]** I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☒ **[by ELECTRONIC SERVICE]** Pursuant to an agreement of the parties to accept service by electronic transmission, I caused the aforementioned document(s) to be transmitted by e-mail to the addressee(s) listed.

☐ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 16, 2025, at San Francisco, California.

| | |
|---|---|
| Joshua Gutierrez | By: [signature] |
| Print Name | Signature |